FILED 21 JUN '17 13:22 USDC-ORE

1  EDWARD HERNANDEZ
   2037 W. Bullard Avenue; Ste. 240
2  Fresno, California 93711
   (559) 779-2425
3  Plaintiff (*Pro Se*)

4

5

## IN THE UNITED STATES DISTRICT COURT

6

7  ## DISTRICT OF OREGON

8  ## EUGENE DIVISION

9

10

11  EDWARD HERNANDEZ

Civil Case No. 6:17-cv-971-MC

12                Plaintiff,

**COMPLAINT**
**(Negligence-Wrongful Death)**

13        v.

**JURY TRIAL DEMANDED**

14  ST. CHARLES HEALTH SYSTEMS, a
    corporation; BEND NEUROLOGICAL

Date:

15  ASSOCIATES, an Oregon corporation;

Time:

16  MICHAEL L. BELL, as an Agent and an
    Individual; LAURA L. SCHABEN, as an

Dept:
Judge:

17  Agent and an Individual; KRISTIN DOE,
    as an Agent and an Individual; and a

Date Action Filed:
Trial Date:

18  "PHYSICIAN," identity unknown, as an
    Agent and an Individual.

19

20                Defendant(s).

21

22  ## COMPLAINT

23        1.        Plaintiff Edward Hernandez, an Individual, (hereinafter referred to as "Plaintiff")

24  brings this action against Defendant's St. Charles Health Systems, Bend Neurological

25  Associates, Michael L. Bell, Laura J. Schaben, R.N. Kristin (last name unknown), and a yet to be

26  identified "Physician," (hereinafter referred to collectively as "Defendants," or individually by

27  their respective party names).  This complaint seeks damages for the intentional, negligent acts

28

1    of the defendants and for the negligent use of substances which resulted in the death of Plaintiff's

2    brother Jaime Padilla and alleges the following:

3

4    **PARTIES**

5         2.    Plaintiff, Edward Hernandez is a resident of the State of California.

6         3.    The Plaintiff is informed and believes and on that basis alleges that the Defendant,

7    St. Charles Health Systems, a corporation hereinafter primarily referred to as "St. Charles" is a

8    resident of the State of Oregon and is licensed to operate health care facilities in the State of

9

10   Oregon.

11        4.    The Plaintiff is informed and believes and on that basis alleges that the Defendant,

12   Bend Neurological Associates, is an Oregon corporation, with primary place of business in Bend,

13   Oregon.

14

15        5.    The Plaintiff is informed and believes and on that basis alleges that the Defendant,

16   Michael L. Bell, a natural person, is a resident of the State of Oregon, and is or was, at all times

17   relevant to this Complaint, an employee, agent and/or principal of Defendant's St. Charles and

18   Bend Neurological Associates and personally participated in the allegations made herein.

19        6.    The Plaintiff is informed and believes and on that basis alleges that defendant,

20   Laura J. Schaben, is a natural person, place of residence unknown, and is or was at all times

21   relevant to this Complaint an employee, an agent and or principal of Defendant's St. Charles

22   Health Systems and Bend Neurological Associates and personally participated in the allegations

23

24   made herein.

25        7.    The Plaintiff is informed and believes and on that basis alleges that Defendant,

26   R.N. Kristin Doe, is a natural person, principal place of residence unknown, and is or was at all

27   times relevant to this Complaint an employee or agent of St. Charles Health Systems and

28

1  personally participated in the allegations made herein.

2      8.    The Plaintiff is informed and believes and on that basis alleges that Defendant,

3  Unknown Physician, is a natural person with principal place of residence unknown, and is or was

4
5  at all times relevant to this Complaint an employee or agent of St. Charles Health Systems and

6  personally participated in the allegations made herein.

7      9.    The Plaintiff is ignorant of the true names and capacities of the Defendants sued

8  herein as Does 1-23, inclusive, therefore the Plaintiff sues the Defendants by such fictitious

9  names. When their true names are ascertained, the Plaintiff will seek leave to amend this

10
11  Complaint to allege their proper names and capacities. The Plaintiff is informed and believes,

12  and it is on that basis alleges each of these fictitiously named Defendants is in some manner

13  responsible for the events, occurrences and circumstances which form the basis for this action

14  and is therefore liable for damages sought herein.

15      10.    When reference is made to any act of Defendants in this Complaint, such

16  allegations shall be deemed to mean the directors, officers, agents, employees or representatives

17
18  of the Defendants did, or, authorized such acts while actively engaged in the management,

19  operations, or conduct of the affairs of the Defendants and while acting within the course and

20  scope of their agency, employment or representation.

21

22  ## STATEMENT OF JURISDICTION

23      11.    This Court has subject matter jurisdiction over all matters pursuant to 28 U.S.C.

24  § 1332. Plaintiff is a citizen of the State of California. The Plaintiff is informed and believes

25  that Defendant, St. Charles, is a citizen of the State of Oregon, as it has its principal place of

26  business in Oregon. The amount in controversy, without interests and costs, exceeds $75,000.

27      12.    This Court has personal jurisdiction over the Defendant, St. Charles, as the

28

1   Defendant operates hospitals and other medical facilities in the State of Oregon and the

2   Plaintiff's cause of action arises out of the Plaintiff's actions with the Defendant's hospital

3   located in Bend, Oregon.

4
5       13.     The Plaintiff is informed and believes that Defendant, Bend Neurological

6   Associates, is a citizen of the State of Oregon, as it has its principal place of business located in

7   Bend, Oregon. The amount in controversy, without interests and costs, exceeds $75,000.

8       14.     This Court has personal jurisdiction over the Defendant, Bend Neurological

9   Associates, as the Defendant operates a clinic in the State of Oregon and the Plaintiff's cause of

10  action arises out of the Plaintiff's actions with the Defendant's clinic located in Bend, Oregon.

11
12      15.     The Plaintiff is informed and believes the Defendant, Michael L. Bell, is a citizen

13  of the State of Oregon and the amount in controversy, without interests and costs, exceeds

14  $75,000.

15      16.     This Court has personal jurisdiction over the Defendant, Michael L. Bell, acting

16  as an Agent for Defendant's St. Charles and Bend Neurological Associates, as Plaintiff has
17
    suffered damages within this state which arises from acts by the Defendant in connection with
18
19  services rendered within this state in the ordinary course of trade.

20      17.     The Plaintiff is informed and believes the Defendant, Laura J. Schaben, is a

21  citizen of the State of Oregon and the amount in controversy, without interests and costs, exceeds

22  $75,000.
23
24      18.     This Court has personal jurisdiction over the Defendant, Laura J. Schaben, acting

25  as an Agent for Defendant's St. Charles and Bend Neurological Associates, as Plaintiff has

26  suffered damages within this state which arises from acts by the Defendant in connection with

27  services rendered within this state in the ordinary course of trade.

28

19.     The Plaintiff is informed and believes the Defendant, R.N. Kristin Doe, is a citizen of the State of Oregon and the amount in controversy, without interests and costs, exceeds $75,000.

20.     This Court has personal jurisdiction over the Defendant, R.N. Kristin Doe, acting as an Agent for Defendant's St. Charles, as Plaintiff has suffered damages within this state which arises from acts by the Defendant in connection with services rendered within this state in the ordinary course of trade.

21.     The Plaintiff is informed and believes the Defendant, Unknown Physician, is a citizen of the State of Oregon and the amount in controversy, without interests and costs, exceeds $75,000.

22.     This Court has personal jurisdiction over the Defendant, Unknown Physician, acting as an Agent for Defendant's St. Charles, as Plaintiff has suffered damages within this state which arises from acts by the Defendant in connection with services rendered within this state in the ordinary course of trade.

23.     The Plaintiff is ignorant of the true names and the capacity of the Defendant's sued herein as Does 1 through 44 inclusive; therefore, the Plaintiff sues Defendant's by such fictitious names. When their true names and capacities are ascertained, the Plaintiff will seek leave to amend this Complaint to allege the defendant's proper names and capacities. The Plaintiff is informed and believes, and it is on that basis alleges each of these fictitiously named Defendant's is in some manner responsible for the events, occurrences, and circumstances which form the basis for this lawsuit and is therefore liable for damages sought herein.

24.     When reference is made to any act of the Defendant's in this Complaint, such allegations shall be deemed to mean that the directors, officers, agents, employees or

1   representatives of the Defendant's, did such acts or authorized such acts while actively engaged

2   in the management, operations, or conduct of the affairs of the Defendant's and while acting

3   within the course and scope of their agency, employment or representation.

4

5                                           **FACTS**

6       25.     Plaintiff incorporates all allegations in Paragraphs 1 through 24 of this Complaint

7   as if re-alleged herein.

8

9       26.     On or about June 24, 2014, Plaintiff's deceased brother, Jaime Padilla (JP), was

10  administered a yet to be identified freeze agent by paramedics while ambulance was stationed at

11  Emergency located at St. Charles Hospital in Madras, Oregon. The agent induced a coma from

12  which JP never recovered. The unknown "physician" who gave the authorization to administer

13  the unknown agent also has not been identified.

14

15      27.     Plaintiff's brother, Jaime Padilla, went into a comatose state and was immediately

16  transferred to St. Charles Hospital in Bend, Oregon.

17      28.     On or about June 23, 2014 through June 30, 2014, JP, a diabetic known to suffer

18  from epileptic seizures, an individual with liver damage, and a patient on prescription Narcotics,

19  was administered Diprivan (Propofol) by employees and/or agents of St. Charles Hospital and

20  Bend Neurological Associates, both located in Bend, Oregon. The drug was approved by

21  neurologists, Michael L. Bell and Laura J. Schaben.

22

23      29.     On or about June 30, 2014, a tracheotomy was performed on Plaintiff's brother to

24  ease breathing which had become difficult for JP.

25      30.     On or about June 30, 2014, upon learning that the agent, Diprivan, was being

26  administered to Plaintiff's brother, Plaintiff communicated with the neurologist in charge of

27  Plaintiff's brother's care, Michael Bell, inquiring as to why agent was being used on a known

28

1   diabetic with an epileptic and narcotic history as patient, Jaime Padilla, was experiencing

2   seizures on a continual basis.

3        31.   On or about June 30, 2014, the agent, Diprivan, was eliminated and patient,

4   Plaintiff's brother, Jaime Padilla, ceased to experience seizures.

5

6        32.   On or about July 14, 2014, Plaintiff and family members requested for patient,

7   Jaime Padilla to be transferred to OHSU located in Portland, Oregon as arrangements had been

8   made in advance to make said move in order to obtain a second opinion regarding patients'

9   condition.

10       33.   On or about July 14, 2014, Dr. Michael Bell, calls to inquire as to why we wish to

11
    have JP transferred to OHSU. After several minutes, he agrees to the move, but adds OHSU will
12
13  not be able to do anything different than the actions already taken in treating Jaime Padilla.

14       34.   On or about July 14, 2014, R.N. Kristin Doe, without consent or authority,

15  cancels a pre-arranged scheduled move of patient Jaime Padilla to the Oregon Health and

16  Science University (OHSU) located in Portland, Oregon.

17
         35.   On or about July 16, 2014, OHSU refuses to accept JP as a patient. The decision
18
19  was said to be based on information obtained from St. Charles Hospital and Dr. Bell. An intake

20  official for OHSU, an individual only identified as Caleb, stated that OHSU could not treat JP in

21  a manner that differed from the treatment being obtained at St. Charles Hospital. He further

22  stated that the matter was no longer an administrative decision, it was now a legal matter.

23
         36.   On or about July 27, 2014, St. Charles employees refuse to provide any further
24
25  medical updates to Plaintiff regarding JP.

26       37.   On or about August 8, 2014, upon learning JP was being given morphine, the

27  request was made to stop providing JP with any morphine product.

28

38.     On or about August 28, 2014, JP, diagnosed as stable and ready for long term care

was transferred to a long-term care facility located in Sheridan, Oregon.

39.     On or about August 29, 2014, it was discovered that the long term facility was

using morphine to treat JP under the directive of St. Charles.

40.     On or about September 2, 2014, Plaintiffs' brother, Jaime Padilla passed away.

## LEGAL CLAIM

### (Negligence-Wrongful Death)

41.     Plaintiff incorporates all allegations in Paragraphs 1 through 34 of this Complaint

as if re-alleged herein.

42.     Defendant's owed a duty to Jamie Padilla and family members to meet the

standard of care used in the reasonable practice of the profession in the community.

43.     Defendant's St. Charles, Bend Neurological, Michael Bell, Laura Schaben and the

"Unidentified Physician" breached that duty by not reviewing patient Jamie Padilla's well

documented medical history with St. Charles Hospital in Madras, Redmond, and Bend, Oregon,

prior to administration of yet to be identified freeze agent.

44.     Defendant's knew or in the exercise of reasonable care should have known that

the administration of Diprivan or other freeze agents would create an unreasonable risk of harm

to a patient with the medical history such as Jaime Padilla's.

45.     Defendant R.N. Kristin Doe, breached duty by cancelling Jaime Padilla's transfer

to OHSU without consent or authority thereby effectively eliminating Plaintiff's brother of his

last chance (Loss of Chance) at life.

46.     The negligence of the Defendant's in one or more of the foregoing described

ways borders on criminality in nature and was a substantial factor in causing the death of

1  Plaintiffs' brother, Jaime Padilla.

2      47.    As a direct and proximate cause of Defendant's negligence, Jamie Padilla suffered

3  fatal injuries resulting in his death.

4
        48.    Plaintiff is entitled to recover compensatory damages to compensate for the
5
6  intentional and/or negligent infliction of emotional distress experienced during the time frame of

7  June 25, 2014 through August 25, 2014, the period of time Plaintiff worked in futility to move

8  his brother, JP, to another health facility and for loss of consortium for the wrongful death and

9  the ultimate demise of Plaintiffs' brother, Jaime Padilla.

10
        49.    For these damages, Plaintiff Edward Hernandez should be awarded an amount to
11
12  be determined at trial, but in no event less than §2,500,000.

13      50.    Plaintiff should be awarded costs and disbursements against Defendant's.

14
        WHEREFORE, Plaintiff requests a trial by jury and requests the Court should grant
15
16  judgment in favor of Plaintiff and grant the following relief:

17      (a)    On Plaintiff's Claim for Relief against Defendant's, compensatory damages in an

18  amount to be determined at trial but in no event less than §2,500,000, plus costs and

19  disbursements;
20
21      (b)    Prejudgment and post-judgment interest at the legal rate; and

22      (c)    For such other and further relief as the Court may deem appropriate under the

23  circumstances.

24
25                              **DEMAND FOR JURY TRIAL**

26      Plaintiff demands a trial by jury on issues triable by right.

27
28

                              COMPLAINT FOR DAMAGES
                                    - 9 -

1    Date: June 20, 2017                              Respectfully Submitted,

2                                                     
3
4
5                                                     Edward Hernandez (*Pro Se*)
                                                      2037 W. Bullard Ave., Ste. 240
6                                                     Fresno. CA. 93711
                                                      eh@paccorealty.com
7                                                     559-779-2425
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28